FILED

NOV 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHLEY CREEK PROPERTIES, L.L.C., | No. 09-35724 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-00412-BLW |
| v. | |
| BRENT LARSON, Supervisor, Caribou-Targhee National Forest; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| J.R. SIMPLOT COMPANY, | |
| Defendant-intervenor - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted October 6, 2010
Seattle, Washington

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ashley Creek Properties, L.L.C., appeals the dismissal, for lack of standing, of its suit challenging the Environmental Impact Statement prepared for the expansion of J.R. Simplot Company's Smoky Canyon Mine, located on federal land in Caribou County, Idaho. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"[Article III] limits are jurisdictional: they cannot be waived by any party, and there is no question that a court can, and indeed must, resolve any doubts about this constitutional issue." *City of Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). To establish Article III standing, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In addition, a plaintiff bringing suit under the Administrative Procedure Act for a violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*., must show that the alleged injury falls within NEPA's "zone of interests." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111-12 (9th Cir. 2002).

Ashley Creek alleges two injuries. First, it claims that further mining at Smoky Canyon Mine might negatively impact the amount of royalty and the value of the reversionary interests in several undeveloped phosphate leases near the Smoky Canyon Mine, allegedly belonging to Ashley Creek's parent company and assigned to Simplot. The record before us does not confirm the existence of such rights in Archer Investments, Inc., Ashley Creek's parent company. Further, the lack of plans by Simplot to develop the leases renders the claimed injury too speculative to establish actual or imminent injury. Equally fatal, Ashley Creek does not contend that the rights belong to it, but to its parent company. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 474-75 (2003) (recognizing distinction between the assets of a company and those of its subsidiary). Ashley Creek therefore fails to establish standing under this theory.

Second, Ashley Creek asserts standing as the owner of phosphate leases located in Vernal, Utah. In that context, Ashley Creek argues that the Environmental Impact Statement prepared for the expansion of the Smoky Canyon Mine in Idaho is deficient for failing to consider Ashley Creek's Vernal, Utah, phosphate reserves as an alternative to the mine expansion. But "deprivation of a procedural right without some concrete interest that is affected by the deprivation-a procedural right *in vacuo*-is insufficient to create Article III standing." *Summers v.*

3

*Earth Island Institute*, --- U.S. ----, 129 S. Ct. 1142, 1151 (2009).  For claims

brought under NEPA, this "concrete interest" requires a "geographic nexus"

between plaintiff and the location suffering an environmental impact.  *Kootenai*

*Tribe of Idaho*, 313 F.3d at 1112 (internal quotations and quotation marks

omitted).  Such geographical nexus is absent here, where Smoky Canyon Mine is

in south Idaho, and Ashley Creek's phosphate fields are in Vernal, Utah.  *See*

*Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 938-39 (9th Cir. 2005).

Further, Ashley Creek's purely economic interests do not fall within NEPA's zone

of interest, which is environmental.  *Id*. at 940.  Ashley Creek fails to establish

standing under this theory, as well.

Finally, Ashley Creek argues that its standing (or lack thereof) is irrelevant

because its suit could have potentially been consolidated with a pending separate

lawsuit challenging the same Environmental Impact Statement.  Ashley Creek

relies on the general rule, applicable to federal court suits with multiple plaintiffs,

that once the court determines that one of the plaintiffs has standing, it need not

decide the standing of the others.  *See*, *e.g.*, *Carey v. Population Servs., Int'l*, 431

U.S. 678, 682 (1977); *Natural Res. Def. Council v. U.S. E.P.A.*, 526 F.3d 591, 602

(9th Cir. 2008).  This rule has been applied in consolidated cases.  *See*, *e.g.*, *Horne*

*v. Flores*, --- U.S. ---, 129 S. Ct. 2579, 2592-93 (2009); *Sec'y of the Interior v.*

4

*California*, 464 U.S. 312, 319 n. 3 (1984).  But Ashley Creek did not move to consolidate the suits, and it offers no authority for extending the rule to plaintiffs in suits that might be but have not been consolidated.  We decline to be the first court to take that step in the circumstances of this case.

AFFIRMED.